**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE RAMON GARCIA-GUERRA,

       Plaintiff,

v.                                                   Case No. 06-CV-14243-DT

MICHAEL CHERTOFF, et al.,

       Defendants.
       _____/

**OPINION AND ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO REMAND"**

Pending before the court is "Defendants' Motion to Dismiss, or in the Alternative, to Remand." Plaintiff Jose Ramon Garcia-Guerra has failed to file a response as required under Eastern District of Michigan Local Rule 7.1(b),[1] and the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the following reasons, the court will grant Defendants' motion in part, and remand Plaintiff's application to the United States Citizenship and Immigration Services ("USCIS").

Plaintiff, a lawful permanent resident, filed an application for United States citizenship in 2004. (Application at 10, Pl.'s Compl. Ex. 1.) A Detroit District Adjudications Officer interviewed Plaintiff on December 3, 2004. (Letter, Compl. Ex. 2.) Plaintiff passed the English, history and government tests, and was told that he would

---

[1] Defendants' filed their motion to dismiss on February 20, 2007. Accordingly, Plaintiff had until March 16, 2007 to file a response. *See* E.D. Local R. 7.1(d)(1)(B), 6.1(b); Fed. R. Civ. P. 6(a). Even though the court highlighted this important deadline in the docket entry on the notice of hearing, Plaintiff has still failed to file a response as of the date of this order.

1

have to wait for his security check to be completed.  (*Id.*)  While the USCIS submitted a name check request to the FBI on July 19, 2004, the FBI has not yet completed the name check because the high volume of name check requests has "delayed the processing of regular submissions from USCIS."  (Cannon Decl. at ¶¶ 19, 22, Defs.' Ex. B.)  Because of this delay, Plaintiff filed suit under 8 U.S.C. § 1447(b), which provides the court with jurisdiction over Plaintiff's application if it is has pending for over 120 days after the examination has been completed:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the application resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Defendants filed the present motion to dismiss, claiming that the court does not have jurisdiction to hear the claim under 8 U.S.C. § 1447(b) because Defendants claim that the 120-day period begins to run from the completion of both the interview and the background check.  Because the background check is not complete, they claim that the 120-period has not yet begun to run.  Defendants base their interpretation of the word "examination" on the USCIS's interpretation, the plain language of the statute, and the purpose of 28 U.S.C. § 1447.  (Def.'s Mot. at 9-18.)  This interpretation is also supported by case law.  *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va 2005) (holding that the process of examination is not conducted until both the interview and the background check are completed); *Waliji v. Gonzales*, No. 06-1163, Slip. Op. at 9

2

(S.D. Tex. Oct. 6, 2006); *Kassemi v. DHS*, No. 06-1010, 2006 WL 2938819 (D.N.J. Oct. 13, 2006).

The court finds more compelling, however, the line of cases holding that the word "examination" refers to the interview only.  The district court in *El-Daour v. Chertoff*, 2005 WL 2106572 at *3 (W.D. Pa. 2005) reasoned that "[t]he statute itself speaks of 'the date on which the examination is conducted' . . . . [t]his contemplates that the examination occurs on a particular, identifiable, date.  A 'process' does not occur on one particular and identifiable date."  *El-Daour* has been followed by a number of courts, including other courts in this district.  *See Mahmood v. Jenifer*, No. 05-40154, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005); *Zhang v. Chertoff*, No. 05-72121, 2006 WL 4045600 (E.D. Mich. Feb. 1, 2006).  The court finds that the "examination" refers to the interview date.  Because over 120 days have passed since the interview date, the court has jurisdiction to hear Plaintiff's claim.

In their motion, Defendants alternatively argue that this case should be remanded to the USCIS for adjudication after the background check has been completed.  (Def.'s Mot. at 18.)  Indeed, even courts that have found that jurisdiction exists have nonetheless determined that remand is proper because "without the criminal background check [], the [c]ourt is not equipped to decide the Petitioner's naturalization application."  *Zhang*, 2006 WL 4045600 at *2 (citing *El-Daour*, 2005 WL 2106572; *Essa v. United States Citizenship and Immigration Services*, 2005 WL 3440827 (D. Minn. 2005)).  The court agrees that it "lacks the information to make a proper determination of Plaintiff's immigration application," and "although the application process has been delayed by the FBI name check, the result of this check is an important piece of

3

information for a final determination of Plaintiff's application," and remand is proper. *Mahmood*, 2005 WL 5179153 at *1.  Accordingly,

IT IS ORDERED that "Defendants' Motion to Dismiss, or in the Alternative, to Remand," is GRANTED IN PART.  This case is REMANDED to the USCIS for a prompt resolution following completion of the background check.

IT IS FURTHER ORDERED that the court's order to show cause why this action should not be dismissed for lack of prosecution [Dkt. # 4] is VACATED as moot.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522